**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-02577-RBJ-STV

DOROTHY BARRETT-TAYLOR,

    Plaintiff,

v.

ADT SECURITY SERVICES,

    Defendant.

**DEFENDANT'S UNOPPOSED MOTION TO RESTRICT ACCESS TO PLAINTIFF'S MOTION TO RESET THE TRIAL (DKT. #129)**

Pursuant to D.C.COLO.LCivR 7.2, Defendant ADT Security Services ("ADT"), by and through its undersigned counsel, hereby moves to immediately restrict public access to Plaintiff's Motion to Reset the Trial (Dkt. #129.)  In support of its Motion to Restrict, ADT states as follows:

**CERTIFICATE OF CONFERRAL**

Undersigned counsel hereby certifies that he conferred with the *pro* se Plaintiff's on April 28, 2021, regarding the relief requested herein and Plaintiff **does not** oppose the relief sought.

**LEGAL STANDARD**

D.C.COLO.LCivR 7.2(c) requires motions to restrict to (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction,

summarization, restricted access to exhibits or portions of exhibits); and (5) identify the level of restriction sought.

> Because the analysis of the question of limiting access is necessarily fact-bound, there can be no comprehensive formula for decision making. The decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.

*U.S. v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (citations omitted).

## ANALYSIS

A review of the docket in this action reveals that the Plaintiff's Motion to Reopen the Case, filed on April 27, 2021 (Dkt. #129), contains confidential information that was outlined in the Parties' settlement agreement.  Specifically, Plaintiff discloses the terms of the settlement agreement agreed upon by the parties, including the amounts offered in consideration of the settlement.  (*See* Dkt. #129.)

The Court previously recognized the Parties held an interest in upholding the confidentiality of the terms of the settlement agreement, including, but not limited to the amount of any consideration offered in support thereof. Notably, on March 16, 2021, the Court held a status conference in which the Parties enter the terms of their settlement on the record, but in doing so, the Court preserved the confidentiality of such settlement terms by placing all such discussions under seal.  (*See* Dkt. #111.)  Similarly, after Plaintiff filed her Motion to Reopen Case (Dkt. #116) without designating such filing under restriction and disclosed the terms of the settlement agreement, this Court issued an order placing Plaintiff's Motion to Reopen Case under Level I restriction.  (*See* Dkt. #119.)  Plaintiff's disclosure of the terms of the settlement, in the absence of an order restricting access, thus obviates the Court's recognition that the terms of the settlement should not be subject to public disclosure.

Indeed, in the absence of an order restricting access to Plaintiff's Motion, ADT would suffer serious injury because the underlying settlement agreement was reached with assurances that its contents would be kept confidential. The confidentiality of the settlement terms provides ADT an incentive to reach settlement agreements, and knowledge of the terms of any settlement agreements may provide third parties with incentives to file suit against ADT seeking damages with some expectation that they too may recover some monetary compensation from ADT, irrespective of the merits of any such prospective claims. The public availability of the terms of any settlement agreement involving ADT thus poses a serious injury to ADT because it may face a barrage of claims, many of which may be wholly without merit.

With respect to Plaintiff's Motion, ADT cannot adequately protect its interests in the absence of imposition of a Level 1 restriction. ADT did not draft Plaintiff's Motion and thus cannot submit a redacted version or summarization of the motion. Moreover, prior to Plaintiff filing her motion, she did not confer with counsel for ADT regarding the Motion's disclosure of confidential information, and, as a result, counsel for ADT could not have previously proposed alternate means to protect the interests in question in the absence of restriction.

## CONCLUSION

For the foregoing reasons, ADT respectfully requests Plaintiff's Motion to Reset the Trial be made subject to Level 1 restriction and for such other and further relief as may be just.

Respectfully submitted this 28th day of April, 2021.

                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

                    *s/ Raul Chacon, Jr.*
Michelle B. Muhleisen
Raul Chacon, Jr.
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, CO  80222
Telephone:  303.764.6800
Facsimile:   303.831.9246
michelle.muhleisen@ogletree.com
raul.chacon@ogletree.com

*Attorneys for Defendant ADT Security Services*

4

## CERTIFICATE OF SERVICE

    I hereby certify that on this 28th day of April 2021, I electronically filed the foregoing **DEFENDANT'S UNOPPOSED MOTION TO RESTRICT ACCESS TO PLAINTIFF'S MOTION TO RESET THE TRIAL (DKT. #129)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff:

 Dorothy Barrett-Taylor
 dbtaylor1254@yahoo.com


                *s/ Barbara J. Esquibel*
                Barbara J. Esquibel, Paralegal